UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-22705-GAYLES/Torres

**CYNTHIA TRAN,**

    Plaintiff,

v.

**AMAT VICTORIA CURAM
ENTERPRISE LLC, et al.,**

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AND
STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff, CYNTHIA TRAN, and Defendants, AMAT VICTORIA CURAM ENTERPRISE, LLC, THE DIRTY RABBIT, LLC, JOEY VEGA, and Andres San Martin, (the "Parties"), by and through undersigned, counsel file this Joint Motion for Approval of the Parties' confidential Settlement Agreement and General Release, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*. at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id*.; see also *Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc*., the Eleventh Circuit noted that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are

Case No. 22-cv-22705-GAYLES/Torres

likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc*. at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, Defendants deny Plaintiff's claims and contend that no wages or earned tips were improperly withheld from Plaintiff. Defendants further deny that any actions taken by them constituted retaliation under the FLSA. Thus, based on Defendants contestation, the amount of wages and tips, if any, are in dispute. However, in order to avoid the uncertainties of litigation, and while continuing to deny any liability under the claims asserted by Plaintiff, Defendants made an economic business decision to amicably resolve this matter. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties' confidential Settlement Agreement and General Release (the "Settlement Agreement"). A copy of the Settlement Agreement has been emailed to chambers for evaluation in camera.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiff in settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff could have received far less or nothing, and therefore is receiving far more pursuant to the Settlement Agreement. Further, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice and agree each party shall bear its own costs and attorney's fees,

Case No. 22-cv-22705-GAYLES/Torres

except as otherwise stated in the Settlement Agreement for the Court to retain jurisdiction to enforce the terms of the Settlement Agreement.

The parties respectfully request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement as a condition of their stipulated dismissal. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully ask the Court to enter an order: (1) approving the terms of the settlement agreement, and (2) dismissing this action with prejudice.

Dated: March 1, 2023                                                         Respectfully submitted,


/s/ Alejandro Hoyas                                                          /s/ Brett Kaplan
Fla. Bar No. 181072                                                          Fla. Bar No. 1031866